

## NUMBERS 13-09-00417-CR
## 13-09-00418-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**RANDY GUERRA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 117th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Vela
### Memorandum Opinion by Chief Justice Valdez

Appellant, Randy Guerra, was charged by indictment with one count of aggravated

robbery, a first-degree felony, in both appellate cause numbers 13-09-417-CR and 13-09-

418-CR.[1]  *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (Vernon 2003).  Pursuant to a plea

---

[1] The underlying offenses in both cause numbers pertain to robberies at two different convenience stores on or about the night of January 11, 2004.  However, because appellant's counsel has filed *Anders* briefs in both appellate cause numbers 13-09-417-CR and 13-09-418-CR, and because the analysis is the

agreement with the State, Guerra pleaded guilty to the underlying charge. The trial court found Guerra guilty of the underlying offenses in both appellate cause numbers, assessed a sentence of ten years' confinement, suspended the sentence, placed Guerra on community supervision for ten years, and imposed a fine of $500 and court costs.[2]

On May 3, 2005, the State filed its first motion to revoke Guerra's community supervision, alleging that Guerra had violated several conditions of his community supervision by unlawfully carrying a weapon, possessing marihuana, and failing to pay court-ordered fines and fees. At a hearing on the State's first motion to revoke, Guerra pleaded "true" to the allegations contained in the State's motion to revoke; the trial court subsequently sanctioned Guerra, placed him on the "special caseload for substance abuse probation program," and ordered him to participate in TAIP[3] evaluations and attend substance abuse classes. Thereafter, the State filed three more motions to revoke, asserting that Guerra had violated several other conditions of his community supervision, including several instances of improper consumption of alcohol. With respect to the second and third motions to revoke, the trial court further sanctioned Guerra; however, the trial court revoked Guerra's community supervision after Guerra pleaded "true" to the allegations contained in the State's fourth motion to revoke that was filed on May 15, 2009.[4] After revoking Guerra's community supervision, the trial court reduced the

---

same, we issue one opinion addressing both appellate cause numbers.

[2] The punishments imposed in both appellate cause numbers were ordered to run concurrently.

[3] "TAIP" is identified on the Texas Department of Criminal Justice website as the "Treatment Alternative to Incarceration Program (CJAD)." *See* Tex. Dep't of Criminal Justice: Definitions & Acronyms, http://www.tdcj.state.tx.us/definitions/definitions-acronyms.htm (last visited Feb. 2, 2010).

[4] In its fourth motion to revoke, the State alleged, among other things, that Guerra violated the terms and conditions of his community supervision by engaging in family violence assault. *See* TEX. PENAL CODE ANN. § 22.01(b)(2) (Vernon Supp. 2009); TEX. FAM. CODE ANN. § 71.003 (Vernon 2008).

suspended ten-year sentences to eight years' confinement in the Institutional Division of the Texas Department of Criminal Justice with no fine and, once again, ordered the sentences imposed in both appellate cause numbers to run concurrently.

Guerra's appellate counsel, concluding that there are "no meritorious issues to bring forward for review," filed *Anders* briefs in both appellate cause numbers, in which he reviewed the merits, or lack thereof, of the appeals. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Guerra's court-appointed appellate counsel has filed briefs with this Court, stating that his review of the record yielded no grounds or error upon which an appeal can be predicated in either appellate cause number. Although counsel's briefs do not advance any arguable grounds of error, they do present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced in either appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Guerra's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgments. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance in either appeal, (2) served copies of the briefs and counsel's motions to withdraw on Guerra, and (3) informed

3

Guerra of his right to review the record and to file a pro se response in both appellate cause numbers.[5] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Guerra has not filed a pro se response in either appellate cause number. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's briefs and have found nothing that would arguably support an appeal in either appellate cause number. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgments of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Guerra's attorney has asked this Court for permission to withdraw as counsel in both appellate cause numbers. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous,

---

[5] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

4

he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motions to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment in each appellate cause number to Guerra and advise him of his right to file petitions for discretionary review.[6] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

                                        _____
                                        ROGELIO VALDEZ
                                        Chief Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
25th day of February, 2010.

---

[6] No substitute counsel will be appointed. Should Guerra wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.